**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| ROBERT ANTHONY BURKE, : | |
| : | Civ. Action No. 16-1290 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN JORDAN HOLLINGSWORTH, : | |
| : | |
| Respondent, : | |

**BUMB**, District Judge

Petitioner, Robert Anthony Burke ("Burke"), presently incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on March 7, 2016, seeking prior custody credit against his sentence. (Pet., ECF No. 1.) Respondent filed an Answer, opposing habeas relief. (Resp's Answer to Pet. for a Writ of Habeas Corpus ("Answer"), ECF No. 3.) Burke filed a reply. (Petr's Formal Objection to Government's Response ("Petr's Reply"), ECF No. 4.) For the reasons discussed below, the Court will deny the petition under the abuse of the writ doctrine.

I.  BACKGROUND

In July 1992, a federal inmate at the Metropolitan Correctional Center in Chicago tried to escape from custody

using a handcuff key provided by fellow prisoner Robert Anthony Burke. See United States v. Burke, No. 09-2107, 2010 WL 1654966, at *1 (N.D. Ill. Apr. 22, 2010), aff'd, 400 F. App'x 81 (7th Cir. 2010). The escape was unsuccessful and resulted in the death of the inmate and two federal officers. Id. at *1. Burke was interviewed in the investigation into the escape attempt, and he denied involvement. Id.

On March 3, 1993, Burke was sentenced, in the Eastern District of Illinois, to five years in prison and five years of supervised release for bank robbery. (Declaration of Alan Ray ("Ray Decl."), Attachments, ECF No. 6; Attach. 1 at 2; Attach. 2 at Entry 33). Burke was released from parole on July 8, 1994, with 915 days remaining on his custodial term. (Id., Attach. 1 at 3.) He violated the terms of his supervised release by fleeing the United States. Burke, 2010 WL 1654966, at *1.

On November 29, 1994, the United States Attorney's Office filed a motion for an order to show cause why the Court should not revoke Burke's supervised release. (Ray Decl., Attach. 2 at Entry 38.) That same day, the court issued a bench warrant for Burke, based on his failure to contact his probation officer since August 1994. (Id. at Entry 39.) Burke was not arrested until 1998, when he was found in London, England. Burke, 2010 WL 1654966, at *1. He fought extradition but was returned to the United States on December 22, 2000, for violating the terms

of his supervised release. Burke v. Williams, No. 3:13-CV-167, 2015 WL 3970984, at *3 (N.D.W. Va. Jun. 30, 2015).

Upon his return to the United States, Burke was subpoenaed to testify before a grand jury investigating the 1992 prison escape attempt in Chicago. Id. While in federal custody, Burke admitted to other inmates that he had provided the escaping inmate with the handcuff key. Id. On October 2, 2001, Burke was granted immunity from prosecution for the escape attempt, but he committed perjury before the grand jury, falsely denying any knowledge about the handcuff key. Id.

On December 5, 2001, the district court ruled that Burke should not have been sentenced to supervised release for the bank robbery offense because the robbery occurred before the relevant Sentencing Guidelines took effect. Id.; (Declaration of Kristin Vassallo ("Vassallo Decl."), Exhibits, ECF No. 3; Ex. A at 1.) Accordingly, the district court issued an amended judgment ordering Burke's immediate release from the bank robbery conviction. (Id.) However, Burke was not released that day because he was arrested and charged with perjury related to the prison escape attempt. Burke, 2015 WL 3970984, at *4. The Indictment was filed on December 11, 2001. Id.

On March 12, 2002, a superseding indictment was filed, charging Burke with five additional counts of perjury. Id. Burke was convicted of five counts of perjury on November 21,

2002. (Ray Decl., Attach. 6 at 1.) On September 12, 2003, Burke was sentenced to an aggregate term of 240 months in prison, followed by a three-year term of supervised release. (Id. at 2-3.)

Burke appealed to the Seventh Circuit, raising a number of claims challenging his conviction and sentence. United States v. Burke, 425 F.3d 400, 407-17 (7th Cir. 2005). On September 28, 2005, the Seventh Circuit affirmed Burke's conviction but vacated his sentence, remanding the case to the district court for sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). Id. at 416-17. On September 13, 2007, Burke was resentenced to a 240-month term of imprisonment with a judicial recommendation that Burke "be given credit for time already served." (Ray Decl., Attach. 7 at 1-2.) Burke appealed his sentence to the Seventh Circuit, but he was unsuccessful. United States v. Burke, 281 F. App'x 556, 557 (7th Cir. 2008).

Burke continued to challenge his perjury conviction and sentence. On April 6, 2009, Burke filed a motion to vacate pursuant to 28 U.S.C. § 2255 before the sentencing court, alleging ineffective assistance of trial and appellate counsel, among other issues. United States v. Burke, No. 09-2107, 2010 WL 1654966, at *2 (N.D. Ill. Apr. 22, 2010). The motion was denied on April 22, 2010. Id. at *3-9. The Seventh Circuit

affirmed the denial on October 29, 2010. <u>United States v. Burke</u>, 400 F. App'x 81, 81 (7th Cir. 2010).

On August 25, 2011, incarcerated in the Southern District of Indiana, Burke filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence because he had not received prior custody credit for time spent in custody in England during the extradition process. (Vassallo Decl., Ex. B at 3-4); <u>Burke v. Lockett</u>, 499 F. App'x 613, 614 (7th Cir. 2013). The petition was denied on September 6, 2012. (Vassallo Decl., Ex. C at 1.) Burke appealed, but the Seventh Circuit affirmed the district court's decision, finding that none of the time Burke was confined before October 2, 2001 could be attributed to the perjury conviction because he had not yet committed the perjury offenses, and the statute limited credit "to the time spent in prison on account of the offense of conviction." <u>Burke</u>, 499 F. App'x at 615 (citing 18 U.S.C. § 3585(b)).

The BOP calculated Burke's perjury sentence, commencing the 240-month sentence on September 12, 2003, the date he was sentenced. (Ray Decl. ¶ 12; Attach. 8 at 2.) The BOP awarded Burke prior custody credit from October 2, 2001 (the date he committed the perjury offense) to September 11, 2003 (the day before his perjury sentence commenced). (Ray Decl. ¶12; Attach. 8 at 2.) Assuming that Burke receives the maximum possible

5

good-conduct time, the BOP projects that Burke will be released from custody on March 6, 2019. (Id.)

II. DISCUSSION

Petitioner seeks prior custody credit for 1,124 days in custody not credited to his federal sentence, alleging he is in custody in violation of the Constitution because he has served his full sentence. (Pet., ECF No. 1.) Respondent opposes relief, stating Petitioner has already raised this claim in the Southern District of Indiana, where the claim was denied on the merits, and the denial was affirmed by the Seventh Circuit. (Answer, ECF No. 3 at 11.) Respondent seeks dismissal of the petition under the abuse of the writ doctrine.

In reply, Petitioner alleges four facts in support of his contention that he is entitled to prior custody credit for time spent in custody: (1) his parole expired twenty months prior to his arrest in the United Kingdom; (2) his sentence of supervised release was not time-served; the sentence for supervised release was vacated because it was illegal; (3) "Petitioner shows nature of offense in J&C (order) making false statements to a Grand Jury. See: Exhibit Three (3)" and; (4) there is a connection between Petitioner's extradition from the United Kingdom to the United States and his perjury conviction; and he was not given credit on any other sentence. (Petr's Reply, ECF No. 4 at 2.)

6

A. <u>Abuse of the writ doctrine</u>

Pursuant to 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This provision is known as the "abuse of the writ doctrine." <u>Furnari v. U.S. Parole Com'n</u>, 531 F.3d 241, 250 (3d Cir. 2008). [Section] 2244(a) . . . does not reference § 2254, and thus by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States." <u>Queen v. Miner</u>, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam); <u>Caldwell v. Shartle</u>, 461 F. App'x 98, 100 (3d Cir. 2012) (affirming dismissal of challenge to BOP's *nunc pro tunc* decision raised in § 2241 petition because it was barred by 28 U.S.C. § 2244(a)). Thus, a court may deny habeas relief on any ground that was raised in a prior § 2241 petition. <u>Queen</u>, 530 F.3d at 255.

The abuse of the writ doctrine applies where: "(1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) 'the ends

7

of justice' would not be served by reaching the merits of the subsequent application." Furnari, 531 F.3d at 250 (quoting Sanders v. United States, 373 U.S. 1, 11 (1963)). When the Government opposes a petition on the ground that it includes a claim for relief that has already been adjudicated, "the burden shifts to the petitioner to show that 'the ends of justice' would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a 'colorable showing of factual innocence.'" Id. at 251 (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). Factual innocence is innocence of the offenses for which the petitioner was convicted. Id.

Here, Burke challenges the BOP's failure to grant prior custody credit for 1,124 days in custody while he was challenging extradition in England. (Pet., ECF No. 1 at 10; Petr's Reply, ECF No. 4 at 2-3, 10.) This is the same claim he raised in a § 2241 petition in the Southern District of Indiana. (Vassallo Decl., Ex. B at 3-4); Burke v. Lockett, 499 F. App'x 613, 614 (7th Cir. 2013). The district court denied the claim because 18 U.S.C. § 3585(b) limits prior custody credit to time spent in prison on account of the offense of conviction. Burke, 499 F. App'x at 615. Burke committed perjury on October 1, 2001, and none of the time served before that day could be

attributed to an offense he had not committed yet. Id. Therefore, the first prong of the § 2244(a) analysis is met.

The Southern District of Indiana made a determination on the merits of Burke's claim for prior custody credit, affirmed by the Seventh Circuit, which satisfies the second prong of the § 2244(a) analysis. For the third prong of the § 2244(a) analysis, Burke has not made a colorable claim that he is innocent of the perjury charges for which he was convicted. (See Petr's Reply, ECF No. 4.) He asserted only that he was extradited in order to testify before a grand jury, therefore the time served pending extradition was related. Id. Obviously, before he was extradited, he had not yet committed perjury before the grand jury, and he does not set forth a colorable claim of factual innocence. Therefore, dismissal of the petition under the abuse of the writ doctrine is appropriate, pursuant to 28 U.S.C. § 2244(a).[1]

III. CONCLUSION

---

[1] Alternatively, the Court agrees with the analysis of the Southern District of Indiana and the Seventh Circuit Court of Appeals; Burke cannot receive prior custody credit for the 1,124 days in custody in England because Burke had not committed the perjury offense at that time. See 18 U.S.C. § 3585(b)(2) (allowing credit for time served "as a result of any other charge for which the defendant was arrested *after the commission of the offense for which the sentence was imposed*") (emphasis added).

For the reasons discussed above, the Court will dismiss the petition under 28 U.S.C. § 2241 for abuse of the writ, pursuant to 28 U.S.C. § 2244(a).

An appropriate Order follows.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

Dated:  April 27, 2017